[No. 10273–1–II.   Division Two.   April 21, 1988.]

ROBERT L. BRUCE, ET AL, *Appellants,* v. BYRNE–STEVENS &
ASSOCIATES ENGINEERS, INC., ET AL, *Respondents.*

*Paul E. Sinnitt* and *Sinnitt & Sinnitt, P.S.,* for appellants.

*Harold T. Hartinger* and *Kane, Vandeberg, Hartinger &
Walker,* for respondents.

REED, C.J.—Several years ago, plaintiffs' real property suffered a loss of lateral support, caused by excavation work on a neighbor's property. The neighbor proposed a plan for resolving the problem, and plaintiffs hired defendant Byrne, an engineer, to review the neighbor's proposal and to recommend his own solution. After negotiations between plaintiffs and the neighbor failed, plaintiffs filed suit against the neighbor. Byrne testified in that action, as plaintiffs' expert witness, regarding the expense for restoring lateral support. Plaintiffs were awarded a judgment for the sum to which Byrne testified.

Approximately 2 years later, plaintiffs began looking into the work to be done to restore lateral support. Byrne failed to provide them with the names of the contractors whom he had contacted when he calculated the expenses for the work. The contractors contacted by the plaintiffs all estimated that the job would cost over 100 percent more than Byrne had testified. In light of the difference between the sum awarded to them and the bids they received for the work, the plaintiffs performed the labor themselves and filed a claim against Byrne for the value of their labor and additional expenses. The trial court dismissed their action for failure to state a claim, holding that Byrne was immune from suit because of the absolute immunity accorded to witnesses in judicial proceedings.

We will treat a motion to dismiss for failure to state a claim as a motion for summary judgment when matters outside the pleadings are presented to and not excluded by the trial court. CR 12(b); *Sea–Pac Co. v. United Food & Comm'l Workers, Local 44,* 103 Wn.2d 800, 802, 699 P.2d 217 (1985). This court takes the position of the trial court when reviewing a summary judgment, to determine whether the moving party has demonstrated that there is no genuine issue of material fact, and that the party is entitled to judgment as a matter of law. *Hartley v. State,* 103 Wn.2d 768, 774, 698 P.2d 77 (1985).

The parties in this case agree that the plaintiffs' claim against Byrne is based upon his testimony regarding the cost of restoring lateral support. As Byrne has pointed out, a witness's statements made during the course of and relevant to judicial and quasi–judicial proceedings are generally privileged, so that the witness is immune from defamation claims. *Bender v. Seattle,* 99 Wn.2d 582, 600, 664 P.2d 492 (1983). In *Twelker v. Shannon & Wilson, Inc.,* 88 Wn.2d 473, 477–78, 564 P.2d 1131 (1977), a defamation action against an expert who advised the defamation plaintiffs' opponent in a prior action, the court assumed that this immunity attaches to an expert witness's testimony.

██ Byrne, however, asks us to extend this rule to provide immunity to a party's own expert witness who may be negligent in preparing and providing testimony. We have found no Washington case to support his position.[1] Under our State's policy, application of absolute privileges is not widespread. Such privileges generally are confined to those cases in which public service and the administration of justice require complete immunity; some public policy justification must be demonstrated to support the extraordinary breadth of absolute privileges, *Bender,* 99 Wn.2d at 600. The privilege afforded to judicial witnesses is justified not only by public policies that encourage free speech and full disclosure, and that protect a witness who would otherwise be required to choose between contempt of court for failing to testify or a defamation suit based on the testimony given, but also by the availability of an alternative remedy: the court's ability to control a witness's conduct. *Twelker,* 88 Wn.2d at 475–76.

Such justifications do not apply to Byrne's claim. Byrne is a professional, with a pecuniary motive for testifying. He voluntarily undertook to render his expert opinion in the original action, knowing that the parties and the court would rely on that opinion. He was not merely a bystander who fortuitously came to have information relevant to the claim, nor was he subject to contempt of court if he refused to assume this undertaking. A trial court could not safeguard against flaws in his expert testimony in the way that it could strike defamatory testimony from the record and reprimand the offending witness. Neither the public nor our system of justice would be served by extending a witness's immunity from defamation claims to preclude actions against expert witnesses who negligently prepare and provide testimony. Instead, permitting such actions is

---

[1]The respondent's authorities that extend *judicial* immunity to court appointed professionals are clearly inapplicable. *See, e.g., Bader v. State,* 43 Wn. App. 223, 226, 716 P.2d 925 (1986). Such immunity certainly would not apply to an expert retained by a party to litigation, because such an expert does not act on the court's behalf.

consistent with earlier cases holding that parties who employ professional engineers, because of their superior knowledge, are entitled to rely on that knowledge and to expect that such professionals will fulfill their duties of reasonable diligence, skill, and ability. *See, e.g., Jarrard v. Seifert,* 22 Wn. App. 476, 479, 591 P.2d 809 (1979). Because Byrne has not demonstrated that, as a matter of law, he is entitled to a judgment barring a claim based on his negligent expert testimony, we reverse and remand this case for further proceedings.

WORSWICK and ALEXANDER, JJ., concur.

Reconsideration denied May 20, 1988.

Review granted by Supreme Court September 1, 1988.