[Nos. 45839-0-II; 46079-3-II.   Division Two.   May 3, 2016.]

THE POINTE AT WESTPORT HARBOR HOMEOWNERS' ASSOCIATION, *Respondent*, v. ENGINEERS NORTHWEST, INC., PS, ET AL., *Appellants*.

*Steven G. Wraith* and *Aaron P. Gilligan* (of *Lee Smart PS*); *Marilee C. Erickson* (of *Reed McClure*); *Barnett N. Kalikow* (of *Kalikow Law Office*); *Aloysius G. Lingg* and *Christopher A. Matheson* (of *Forsberg & Umlauf PS*); and *Michael J. Bond*, for appellants.

*Leonard D. Flanagan* (of *Flanagan Strauss PLLC*); and *Justin D. Sudweeks* and *Daniel S. Houser* (of *Stein Flanagan Sudweeks & Houser PLLC*), for respondent.

¶1 BJORGEN, C.J. — In these consolidated appeals, structural engineering firm Engineers Northwest Inc. (ENW) challenges several rulings and a judgment entered against it in a lawsuit brought by the homeowners' association (HOA) of the Pointe at Westport Harbor. The issue we address in the published portion of this opinion is ENW's claim that the trial court erred by denying its motion for summary judgment on grounds that ENW owed independent tort duties to the developer of the Pointe and the HOA.

We hold that the trial court did not err in denying ENW's summary judgment motion for this reason. We address ENW's remaining challenges in the unpublished portion of this opinion. We affirm the trial court in all respects but one: we reverse and remand for entry of judgment that does not include Corson Swift Builders LLC, an entity that was not subject to judgment.

## FACTS

### 1. Design and Construction

¶2 Dodson-Duus LLC developed the Pointe, an upscale condominium building in Westport. Dodson-Duus contracted with Steven P. Elkins Architects Inc. (Elkins) to carry out the architectural design work for the project. Elkins then contracted with ENW for structural engineering services. ENW worked on the structural calculations and designs, while Elkins did the architectural planning. ENW was also responsible for construction administration, which involved reviewing shop drawings and answering questions from the building contractors.

¶3 Dodson-Duus contracted with Integrity Structures LLC to supervise construction. Integrity then subcontracted with Corson Swift for framing work. Construction took place during 2007 and 2008.

¶4 According to the evidence presented at trial, both the design and construction suffered from defects. In particular, the lateral force resistance system is insufficient to withstand a large seismic event. These defects include improperly nailed shear walls, weak connections between shear walls and floor joists, improperly sized floor sheathing, a weak second floor diaphragm, and omitted hold-downs connecting shear walls to a steel beam. The use of gypsum sheathing also created a risk of corrosion to the building's steel structure. Evidence tied each of these defects to some aspect of ENW's structural calculations and designs. Evidence also tied omission of the hold-downs to Corson Swift's construction decisions.

## 2. The Lawsuit

¶5 In August 2011, the HOA sued Dodson-Duus for construction defects and incomplete construction under the Condominium Act, chapter 64.34 RCW, among other matters. The HOA then added negligence claims against ENW, Integrity, and Corson Swift. The HOA's claims against ENW were for negligent design, and the claims against Integrity and Corson Swift were for negligent construction and misrepresentation. The HOA claimed that the building was "rendered unreasonably dangerous to its occupants," and it sought compensatory damages for the costs of investigating and repairing the defects. Clerk's Papers (CP) at 55. The HOA did not allege any consequential injuries to persons or property arising from the defects.

¶6 Dodson-Duus filed cross claims against ENW for negligence, breach of contract, and implied indemnity. ENW filed cross claims against Dodson-Duus and Corson Swift for negligence and implied indemnity. Dodson-Duus eventually settled with the HOA and assigned to the HOA its rights against ENW, Elkins, and Integrity. The HOA then brought a claim against Elkins for breach of its contract with Dodson-Duus. Integrity also settled the HOA's claims against it. CP at 2333.

¶7 ENW moved for summary judgment, arguing among other things, that the independent duty doctrine barred negligence claims for harm that was in effect an economic loss. The trial court denied the motion as to each claim, ruling that material issues of fact remained in dispute.

## 3. The Trial

¶8 At the time of trial, the HOA had outstanding claims against ENW and Corson Swift for negligence, and against Elkins for breach of its contract with Dodson-Duus. The primary issues of fact were whether the building was dangerously unsafe, whether physical damage had resulted from any of the defects, whether the defects resulted from

ENW's designs and construction administration services and Corson Swift's construction, and the scope of repair necessary to fix the defects.

¶9 The HOA presented structural engineer James Paustian as its expert to testify to the existence of the defects, the resulting safety risks, and the standard of care for a structural engineer. Paustian testified at trial that in his opinion, informed by his own testing and on-site observation, the structural engineering work had been deficient and led to the defects that rendered the building dangerously unsafe in a large seismic event. He also testified that such seismic events occur in the area, and prepared a scope of repair that involved fixing each defect in the building. ENW presented another structural engineer, Panos Trochalakis, who opined that ENW was indeed responsible for some of the defects, but that the scope of repair necessary to alleviate any safety risks was less than the total repair Paustian recommended.

¶10 Following trial, ENW proposed jury instructions and a special verdict form to the trial court. The trial court refused to give several of the instructions, and ENW objected to their omission. ENW also objected to jury instructions 11, 12, 13, 14, 18, and 19 issued by the trial court. The trial court gave the jury a special verdict form different from the one proposed by ENW, to which ENW objected.

## 4. The Verdict and Judgment

¶11 The jury was issued instructions and given a special verdict form on which to assign and apportion fault. The negligence questions on the special verdict form allowed the jury to determine and apportion fault only to ENW and Corson Swift, and did not mention Elkins, Dodson-Duus, or Integrity.

¶12 The jury found that both ENW and Corson Swift had been negligent and that their negligence caused the defects in the building. It found that the resulting damages amounted to $1,149,332, for which ENW was 97.5 percent

at fault and Corson Swift was 2.5 percent at fault. It also found that Elkins had breached its contract with Dodson-Duus, and that the resulting damages were $100,000.

¶13 The trial court entered judgment against ENW for the entire amount of negligence damages on the basis of joint and several liability. ENW unsuccessfully opposed entry of the judgment on grounds that it was severally liable only for 97.5 percent of the negligence damages because Corson Swift had been administratively dissolved in 2007 and was not a party against whom judgment could be entered. The trial court also entered judgment against Elkins for the full amount of negligence damages and the $100,000 contract damages.

5. Postjudgment Motions

¶14 ENW moved for judgment as a matter of law and for a new trial, but the trial court denied the motions. Elkins assigned its rights against ENW to the HOA, and the HOA filed a separate lawsuit against ENW based on the assigned rights and the judgment against Elkins. ENW also moved under CR 60 for correction of the judgment against Elkins, arguing that it was a clerical error to include both the negligence damages and the contract damages when the jury found Elkins liable for only breach of contract. The trial court denied the motion and stated that it believed the jury was assigning liability for both the tort and contract damages amounts.

¶15 ENW appeals the trial court's denial of summary judgment, evidentiary rulings related to Paustian's testimony, jury instructions, judgments against both ENW and Elkins, and denial of its motions for judgment as a matter of law, a new trial, and correction of a clerical error.

## ANALYSIS

### INDEPENDENT DUTY DOCTRINE

¶16 ENW argues that the trial court erred by denying its motion for summary judgment and ruling that ENW owed

an independent duty to the developer and the HOA. We disagree.

## A. Standard for Reviewing Denial of Summary Judgment

■ ¶17 Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories and admissions on file, and submitted affidavits show that there are no genuine issues of material fact to be decided and the moving party is entitled to judgment as a matter of law. *Kaplan v. Nw. Mut. Life Ins. Co.*, 115 Wn. App. 791, 799, 65 P.3d 16 (2003). We will not review the denial of summary judgment on grounds that genuine issues of material fact remained unresolved. *Id.* However, where the denial of summary judgment turned solely on a substantive issue of law, we review that issue de novo. *Id.*

■ ¶18 ENW moved for summary judgment on grounds that, among other things, the developer's and HOA's claims were barred by the independent duty doctrine. This presented a legal issue for the trial court. The trial court denied the motion, seemingly without addressing the independent duty doctrine, explaining that in general material issues of fact existed:

> Without an overstatement of these issues between the parties and other entities, this motion brings into question factual issues regarding a determination of judicial equity to be resolved. Although there may be no questions regarding lack of contract between plaintiffs and defendant[s], Engineers Northwest, Inc., the question of equity between the parties involved in this litigation places this court in a position that the Motion for Summary Judgment must be denied at this time.

CP at 1695. The trial court later clarified that it specifically denied the independent duty doctrine claim. Because that claim turned solely on a substantive issue of law, we review the denial of summary judgment de novo.

## B. Tort Liability for Safety Risks

■ ■ ¶19 The independent duty doctrine, previously known as the economic loss rule, bars recovery in tort for

economic losses suffered by parties to a contract unless the breaching party owed a duty in tort independent of the contract. *Eastwood v. Horse Harbor Found., Inc.*, 170 Wn.2d 380, 393-94, 241 P.3d 1256 (2010) (plurality opinion). "The test is not simply whether an injury is an economic loss arising from a breach of contract, but rather whether the injury is traceable also to a breach of a tort law duty of care arising independently of the contract." *Id.* at 394. Whether such a tort duty exists is a question of law, which we review de novo. *Michaels v. CH2M Hill, Inc.*, 171 Wn.2d 587, 597, 257 P.3d 532 (2011). Similarly, the scope of such a duty is also a question of law. *Affil. FM Ins. Co. v. LTK Consulting Servs., Inc.*, 170 Wn.2d 442, 455, 243 P.3d 521 (2010) (plurality opinion).

■■ ¶20 Our Supreme Court has held that "[g]enerally, 'the foundation of any liability analysis for . . . design professional[s] rests in contract.' " *Donatelli v. D.R. Strong Consulting Eng'rs, Inc.*, 179 Wn.2d 84, 92, 312 P.3d 620 (2013) (alterations in original) (quoting KEVIN R. SIDO, ARCHITECT AND ENGINEER LIABILITY: CLAIMS AGAINST DESIGN PROFESSIONALS § 1.05, at 7 (3d ed. 2006)). However, "design professionals also owe duties to their clients and the public to act with reasonable care, which can sometimes give rise to a tort duty independent of the contract." *Id.* Engineers owe such a duty of reasonable care to developers and contractors to whom they provide engineering services. *Jarrard v. Seifert*, 22 Wn. App. 476, 479, 591 P.2d 809 (1979). This duty also extends to holders of legally protected interests in the property. *Affil. FM*, 170 Wn.2d at 458. To act in accordance with the duty, engineers must exercise "the degree of care, skill, and learning expected of a reasonably prudent engineer in the state of Washington acting in the same or similar circumstances." *Id.* at 455.

¶21 ENW agrees that engineers and other design professionals have a legal duty in tort under certain circumstances. However, ENW argues that this tort duty is limited to cases where the engineers' failure to exercise reasonable care results in personal injury or actual physical damage to

property. For example, in *Michaels* our Supreme Court held that an engineering firm owed an independent tort duty when a person was killed because of a catastrophic failure at a wastewater treatment plant. 171 Wn.2d at 593, 606-09. In *Affiliated FM*, the Supreme Court held that an engineering firm owed an independent tort duty when property damage resulted from a fire on the Seattle Center Monorail. 170 Wn.2d at 443-44, 456-57. ENW argues that the trial court should have granted summary judgment in its favor based on the independent duty doctrine because the HOA presented evidence of only potential damage to the condominium buildings, not actual injury or physical property damage.

¶22 We disagree that an engineer's independent tort duty is limited to situations in which the engineers' failure to exercise reasonable care results in personal injury or physical damage to property. In *Affiliated FM*, our Supreme Court emphasized that tort law vigorously protects "the safety of persons and property from physical injury." *Id.* at 452. The court stated:

> [T]he question here is whether an engineer's duty of care extends to *safety risks of physical damage* to the property on which the engineer work[ed]. We hold it does. As we have already observed, the harm in this case exemplifies the safety-insurance concerns that are at the foundation of tort law.

*Id.* at 456 (emphasis added). The court concluded that an engineer has a duty of care with respect to "safety risks of physical damage" and that an engineer's tort duty "with respect to safety risks" is sufficient to state a claim. *Id.* at 456-57.

¶23 We hold that an engineer's duty of care encompasses, inter alia, the prevention of safety risks. *Id.* at 456. Even where such safety risks do not cause consequential damage to persons or property, the risk itself constitutes an injury within the class of harm contemplated by a design professional's duty of care. *Id.* at 456-57. Where an engi-

neer's design services ultimately result in the construction of an unsound structure, the engineer has breached his duty of care. *See id.*

¶24 We hold that ENW owed an independent duty to the developer and to members of the HOA, as holders of property interests in the Pointe, to take reasonable care to design a building that did not present safety risks to its residents or their property. Therefore, the trial court did not err by denying ENW's summary judgment motion under the independent duty doctrine.

¶25 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

JOHANSON and MAXA, JJ., concur.