IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39661-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| I.A.A-C.[†] | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — I.A.A.-C. appeals his adjudication of guilt for second degree burglary, second degree malicious mischief, third degree theft, and minor in possession of alcohol. We conclude the trial court committed one harmless evidentiary error, reject I.A.A.-C.'s other arguments, and affirm.

FACTS

The owner of a small family-owned convenience store called law enforcement after being awakened in the middle of the night when the store's alarm sounded. The store provided surveillance video to assist in law enforcement's investigation. The video

---

[†] To protect the privacy interests of I.A.A.-C., who was a minor at the time the crimes were committed, we use his initials throughout this opinion. Gen. Order for Court of Appeals, *In re Changes to Case Title* (Wash. Ct. App. Aug. 22, 2018) (effective September 1, 2018), http://www.courts.wa.gov/appellate_trial_courts.

showed three subjects, who appeared to be teenaged males, driving into the area in a sport utility vehicle, throwing a cinderblock brick into the store's glass front door until it shattered, and grabbing tobacco products and a case of beer.

I.A.A.-C.'s mother viewed the video and identified I.A.A.-C. and D.W., her nephew. At trial, she testified that she was 90 percent sure that the video depicted her son and D.W.

The deputy then interviewed D.W., who confessed to the break in. D.W. agreed to testify truthfully for the State in exchange for the State's promise to recommend a lighter sentence for his eventual guilty plea.

The State charged I.A.A.-C. with first degree burglary and other offenses related to the break in. At trial, the State asked Deputy Rubi Ramirez whether she obtained a confession by a coconspirator. She answered that D.W. made such a confession. The State then asked whether D.W. had identified his coconspirator. I.A.A.-C. objected on the basis of hearsay. The State responded that the answer was admissible as a statement of a coconspirator. The trial court commented about the limited nature of the question, and overruled the objection. The deputy then testified that D.W. said I.A.A.-C. had committed the burglary with him. Prior to this testimony, D.W. testified that I.A.A.-C. committed the burglary with him.

No. 39661-4-III
*State v. I.A.A.-C.*

I.A.A.-C.'s mother also testified. After the parties asked her their questions, the trial court asked the mother whether she had any reason to doubt D.W.'s testimony that her son, I.A.A.-C., committed the burglary with him. The mother responded, "No." Rep. of Proc. (Feb. 8, 2023) at 145.

The trial court took the matter under advisement and later issued a written decision containing findings of fact and conclusions of law. The court found I.A.A.-C. guilty of second degree burglary, second degree malicious mischief, third degree theft, and minor in possession of alcohol.

I.A.A.-C. appealed.

## ANALYSIS

I.A.A.-C. raises three arguments why his convictions must be reversed. We address each argument in the order raised.

PURPORTED CHARACTER EVIDENCE

I.A.A.-C. first argues the trial court erred by eliciting and admitting improper character evidence when it asked his mother whether she had any reason to doubt D.W.'s testimony that I.A.A.-C. was involved in the burglary. We disagree that the trial court's question sought or elicited an opinion of D.W.'s truthfulness.

"The trial court has broad discretion in propounding questions to witnesses in order that it may gain all the information possible to aid in correctly determining the

3

disputed questions presented by the respective parties." *Jarrard v. Seifert*, 22 Wn. App. 476, 478, 591 P.2d 809 (1979). Generally, however, no witness may express an opinion on whether another witness is telling the truth. *E.g.*, *State v. Hughes*, 118 Wn. App. 713, 725-26, 77 P.3d 681 (2003); *State v. Maule*, 35 Wn. App. 287, 297, 667 P.2d 96 (1983).

I.A.A.-C. misunderstands the trial court's question to his mother. The court did not ask his mother to give her opinion whether she thought D.W. was being untruthful. Rather, the court asked her whether she knew of any *reason* to doubt D.W.'s testimony. The court's inquiry was about D.W.'s potential bias. Although his mother's *opinion* about D.W.'s untruthfulness would be improper, *reasons* establishing D.W.'s potential bias against I.A.A.-C. would be admissible.

Simply put, it is not improper to question one witness about another witness's potential bias. *State v. Wilder*, 4 Wn. App. 850, 854, 486 P.2d 319 (1971) (Mother permitted to testify why daughter's claim of rape might be fabricated.); *see also* 5A KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 608.15 at 457 (6th ed. 2016) (ER 608 does not prohibit one witness from testifying about facts why another witness might be biased.). Here, there may have been any number of reasons why D.W. might have been sufficiently biased against I.A.A.-C. to falsely accuse him of the burglary. And, if any witness was motivated to testify about D.W.'s potential bias, it would have been I.A.A.-C.'s own mother. But the court's question to I.A.A.-C.'s mother

4

did not uncover bias. Rather, I.A.A.-C.'s own mother answered she had no reason to doubt her nephew's testimony.

INEFFECTIVE ASSISTANCE OF COUNSEL

I.A.A.-C. next argues his counsel was ineffective by not objecting to the trial court's question to his mother. We disagree.

To succeed on an ineffective assistance of counsel claim, I.A.A.-C. must show that (1) his trial counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, except for the counsel's unprofessional errors, the result of the proceeding would have been different. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 672-73, 101 P.3d 1 (2004). A reasonable probability is one "'sufficient to undermine confidence in the outcome.'" *Id.* at 673 (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). We strongly presume defense counsel's performance was reasonable. *State v. Brockob*, 159 Wn.2d 311, 345, 150 P.3d 59 (2006). Failure to object to trial testimony only falls below an objective standard of reasonableness in egregious circumstances, such as failing to object to testimony central to the State's case without a valid strategic reason when such an objection would likely have succeeded. *State v. Crow*, 8 Wn. App. 2d 480, 508-09, 438 P.3d 541 (2019).

Here, the trial court's question, properly understood, was appropriate. Trial counsel's failure to object suggests that counsel hoped that the mother had reasons to doubt D.W.'s testimony and would disclose her reasons to the trial court. It is not ineffective for trial counsel to not object to an appropriate question, especially a question that might produce evidence favorable for the defense.

HEARSAY

I.A.A.-C. lastly argues the trial court committed reversible error by overruling his objection to the State's question to the detective, whether D.W. identified his coconspirator. As explained below, we agree the trial court erred, but conclude that the error was harmless.

We review a trial court's decision to admit or exclude testimony for abuse of discretion. *State v. Barr*, 123 Wn. App. 373, 380, 98 P.3d 518 (2004). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard. *Id.* at 47.

Deputy Ramirez testified that D.W. had confessed to her and had identified a coconspirator to the crimes. I.A.A.-C.'s counsel objected on hearsay grounds, and the State argued that the statement was not hearsay because it was a statement of a coconspirator. The court commented that the State did not seek information to prove the truth of the assertion, but only sought to show a confession was obtained from D.W. After the court overruled the objection, Deputy Ramirez answered that D.W. identified I.A.A.-C. as his coconspirator.

A statement is not hearsay if it is "offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of a conspiracy." ER 801(d)(2)(v). Statements made after the conspiracy has ended or following the arrest of one of the alleged coconspirators are not within this exemption. *State v. St. Pierre*, 111 Wn.2d 105, 119, 759 P.2d 383 (1988). D.W.'s statement was made after his arrest, and thus was not in furtherance of the conspiracy. Therefore, the coconspirator hearsay exemption does not apply.

The State advances two primary alternate arguments: (1) the answer was not admitted to prove the truth of D.W.'s assertion, and (2) the answer was a prior consistent statement by D.W. to rebut a charge that he had recently fabricated his testimony. For the reasons discussed below, neither argument is persuasive.

*Truth of the assertion*

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801(c). The answer the State sought from Deputy Ramirez was that D.W. identified I.A.A.-C. as his coconspirator. This identification was the ultimate fact at issue in the case. The State's question certainly sought the evidence for the purpose of its truth. The trial court's rationale for overruling the objection was based on an untenable ground, and therefore was an abuse of discretion.

*Prior consistent statement to rebut a claim of recent fabrication*

The prior consistent statement exemption states, "A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross examination concerning the statement, and the statement is . . . consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." ER 801(d)(1)(ii). "[A] charge of recent fabrication can be rebutted by the use of prior consistent statements only if those statements were made under circumstances indicating that the witness was unlikely to have foreseen the legal consequences of his or her statements." *State v. Makela*, 66 Wn. App. 164, 168-69, 831 P.2d 1109 (1992). "The State, as proponent of admission of the prior consistent statement, must demonstrate that it was made before the time that the

supposed motive to falsify arose." *State v. Osborn*, 59 Wn. App. 1, 5, 795 P.2d 1174 (1990).

Here, D.W.'s statements were made to the deputy during his investigation of the crimes. They were thus made at a time when he knew they could be used in court and are thus not admissible.

Because the statement was hearsay and no exception or exemption applies, the trial court abused its discretion by admitting the deputy's testimony that D.W. identified his coconspirator as I.A.A.-C. Nevertheless, as explained below, we conclude that this error was harmless, and reversal is unwarranted.

"Nonconstitutional error is harmless if, within reasonable probability, it did not affect the verdict." *State v. Pavlik*, 165 Wn. App. 645, 656, 268 P.3d 986 (2011). At trial, D.W. testified that I.A.A.-C. committed the burglary and related offenses with him. This testimony was proper and made the later improper hearsay evidence merely cumulative. In addition, I.A.A.-C.'s own mother testified she was 90 percent sure that her son and D.W. were two of the three persons in the surveillance video. We conclude, within reasonable probability, that the trial court's evidentiary error was harmless.

No. 39661-4-III
*State v. I.A.A.-C.*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____      _____
Cooney, J.                              Melnick, J.P.T.[†]

---

[†] Richard A. Melnick, a retired judge of the Washington State Court of Appeals, is serving as a judge pro tempore of this court pursuant to RCW 2.06.150(1).